900 A.2d 795

IN THE MATTER OF SAMUEL A. MALAT, AN ATTORNEY
AT LAW (ATTORNEY NO. 023611989).

June 22, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–036, concluding on the record certified to the

Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **SAMUEL A. MALAT**, formerly of **HADDON HEIGHTS**, who was admitted to the bar of this State in 1989, and who has been suspended from the practice of law since April 7, 2003, pursuant to Orders of the Court filed on March 12, 2003, and September 8, 2003, should be suspended from the practice of law for a period of six months violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information), *RPC* 1.4(c) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), *RPC* 1.5(b) (failure to communicate the basis or rate of fee to client in writing), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *Rule* 1:20–20(14) (failure to maintain files, documents and other records of pending matters during suspension);

And **SAMUEL A. MALAT** having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a one-year suspension from practice is the appropriate discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **SAMUEL A. MALAT** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent shall continue to be restrained and enjoined from practicing law during the period of his suspension and continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review

Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that prior to reinstatement to practice, respondent shall provide proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall not practice as a sole practitioner and shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.